**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO.: 1:19-cv-00813-SDG |
| | ) |
| GWINNETT COUNTY, GEORGIA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND DEFENSES OF DEFENDANTS GWINNETT**
**COUNTY, GEORGIA AND DETECTIVE JONATHAN LEACH**

COME NOW defendants Gwinnett County, Georgia and Detective Jonathan Leach, and submit their answer and defenses to Plaintiffs' Amended Complaint for Damages (Doc. 15, "Plaintiffs' Amended Complaint"), showing the Court as follows:

**FIRST DEFENSE**

Some or all of Plaintiffs' Amended Complaint fails to state a claim against defendants upon which relief can be granted.

**SECOND DEFENSE**

In response to the numbered paragraphs of Plaintiffs' Amended Complaint, defendants answer as follows:

## ANSWER TO PARTIES

### 1.

Defendants can neither admit nor deny the allegations contained in paragraph 1 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

### 2.

Defendants can neither admit nor deny the allegations contained in paragraph 2 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

### 3.

Defendants can neither admit nor deny the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

### 4.

Defendants can neither admit nor deny the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

5.

Responding to the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint, defendants admit that at all relevant times, defendant Jonathan Leach was a duly sworn and certified police officer employed by Gwinnett County, and that he acted under color of state law and within the scope of his discretionary functions. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 5 of Plaintiffs' Amended Complaint.

6.

Responding to the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint, defendants admit that Gwinnett County is a subdivision of the State of Georgia existing under the laws of the State of Georgia. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7.

Responding to the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint, defendants show that the Court has dismissed the Gwinnett County School District from this action. (Doc. 45.) Thus, no response to this paragraph is required. To the extent that a response is required, defendants deny in

the form and manner alleged the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

## ANSWER TO JURISDICTION AND VENUE

8.

The allegations contained in paragraph 8 of Plaintiffs' Amended Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendants admit that the Court generally has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, and the Rehabilitation Act of 1973. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9.

Responding to the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint, defendants admit that they have waived formal service of process and that the Court has personal jurisdiction over them. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 9 of Plaintiffs' Amended Complaint.

10.

Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Amended Complaint.

## ANSWER TO FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

11.

Defendants can neither admit nor deny the allegations contained in paragraph 11 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

12.

Defendants can neither admit nor deny the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

13.

Defendants can neither admit nor deny the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

14.

Defendants can neither admit nor deny the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

15.

Defendants can neither admit nor deny the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

16.

Responding to the allegations contained in paragraph 16 of Plaintiffs' Amended Complaint, defendants admit that Jane was a student at Archer High School in 2017. Defendants can neither admit nor deny the remaining allegations contained in paragraph 16 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

17.

Responding to the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint, defendants admit that John was a student at Archer High School in 2017. Defendants can neither admit nor deny the remaining allegations contained in paragraph 17 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

18.

Defendants can neither admit nor deny the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

19.

Defendants can neither admit nor deny the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

20.

Defendants can neither admit nor deny the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

21.

Defendants can neither admit nor deny the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

22.

Defendants can neither admit nor deny the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

23.

Defendants can neither admit nor deny the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint for want of sufficient information

to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

24.

Defendants can neither admit nor deny the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

25.

Defendants can neither admit nor deny the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

26.

Defendants can neither admit nor deny the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

27.

Defendants can neither admit nor deny the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

28.

Defendants can neither admit nor deny the allegations contained in paragraph 28 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

29.

Defendants can neither admit nor deny the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

30.

Defendants can neither admit nor deny the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint for want of sufficient information

to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

31.

Defendants can neither admit nor deny the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

32.

Defendants can neither admit nor deny the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

33.

Defendants can neither admit nor deny the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

34.

Defendants can neither admit nor deny the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

35.

Responding to the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint, defendants admit that the Department of Family and Children Services referred the investigation to the Gwinnett County Police Department, and that defendant Leach was assigned to the case. Defendants can neither admit nor deny the remaining allegations contained in paragraph 35 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

36.

Responding to the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint, defendants admit that defendant Leach conducted interviews at Archer High School on February 16, 2017. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 36 of Plaintiffs' Amended Complaint.

37.

Responding to the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint, defendants admit that Ms. Coleman provided Leach with extensive notes regarding the school's investigation; that Coleman told Leach that school personnel had initially concluded that John was being taken advantage of by his classmates and that the video likely did not exist; and that SRO Reed did not find the video on John's phone. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.

38.

Responding to the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint, defendants admit that K.E. told Leach that John showed him a video during the 2015-2016 school year in which a male (who John claimed was him) received oral sex from a teenage-looking girl (who John claimed was his sister); that John sent the video to K.E.; and that K.E. deleted the video shortly after receiving it. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 38 of Plaintiffs' Amended Complaint.

39.

Defendants admit the allegations contained in paragraph 39 of Plaintiffs' Amended Complaint.

40.

Responding to the allegations contained in paragraph 40 of Plaintiffs' Amended Complaint, defendants admit that T.B. told Leach that John sent him a video of a male (who John claimed was him) having "actual sex" with a girl (who John claimed was his sister), and that T.B. deleted the video shortly after receiving it. Defendants can neither admit nor deny the allegations regarding T.B.'s truthfulness contained in paragraph 40 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 40 of Plaintiffs' Amended Complaint.

41.

Responding to the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint, defendants admit that K.E. reported that he saw a video depicting oral sex, while T.B. reported that he saw footage depicting "actual sex." Defendants admit that neither student claimed the ability to visually identify the

persons in the videos, even though both reported that John told them that he was the male depicted in the videos and that his sister was the female depicted in the videos. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 41 of Plaintiffs' Amended Complaint.

*Answer to "Jane's Interview"*

42.

Defendants admit the allegations contained in paragraph 42 of Plaintiffs' Amended Complaint.

43.

Defendants admit the allegations contained in paragraph 43 of Plaintiffs' Amended Complaint.

44.

Defendants admit the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint.

45.

Defendants deny in the form and manner alleged the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of Plaintiffs'
Amended Complaint.

47.

Responding to the allegations contained in paragraph 47 of Plaintiffs'
Amended Complaint, defendants admit that Ms. Coleman was present during
Jane's interview. Defendants can neither admit nor deny the remaining allegations
contained in paragraph 47 of Plaintiffs' Amended Complaint for want of sufficient
information to form a belief as to the truth thereof, and put plaintiffs upon strict
proof of the same.

48.

Defendants can neither admit nor deny the allegations contained in
paragraph 48 of Plaintiffs' Amended Complaint for want of sufficient information
to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the
same.

49.

Defendants can neither admit nor deny the allegations contained in
paragraph 49 of Plaintiffs' Amended Complaint for want of sufficient information

to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

50.

Defendants deny in the form and manner alleged the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint.

51.

Defendants can neither admit nor deny the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

52.

Defendants can neither admit nor deny the allegations contained in paragraph 52 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

53.

Responding to the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint, defendants admit that Leach told Jane that he wanted to

"protect kids" and "make sure kids are safe." Defendants deny the remaining allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.

54.

Responding to the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 54 of Plaintiffs' Amended Complaint.

55.

Responding to the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 55 of Plaintiffs' Amended Complaint.

56.

Responding to the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint, defendants admit that the interview lasted for approximately 44 minutes. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 56 of Plaintiffs' Amended Complaint.

57.

Responding to the allegations contained in paragraph 57 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Further responding, defendants admit that Jane asked Ms. Coleman to hold her hand and Ms. Coleman did so. Defendants further admit that Jane asked if she was going to jail and that Leach reassured her that she was not going to jail. Defendants further admit that Jane stated that she was scared. Defendants further admit that Jane asked several times if she was in trouble, and that Leach repeatedly assured Jane that she was not in trouble. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 57 of Plaintiffs' Amended Complaint.

58.

Responding to the allegations contained in paragraph 58 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 58 of Plaintiffs' Amended Complaint.

59.

Responding to the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that

it speaks for itself. Further responding, defendants admit that Leach and Coleman did not suggest a break during the interview. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 59 of Plaintiffs' Amended Complaint.

60.

Responding to the allegations contained in paragraph 60 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Further responding, defendants admit that Leach and Coleman did not state during the interview that Jane was free to take a break. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 60 of Plaintiffs' Amended Complaint.

61.

Responding to the allegations contained in paragraph 61 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 61 of Plaintiffs' Amended Complaint.

62.

Responding to the allegations contained in paragraph 62 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that

it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 62 of Plaintiffs' Amended Complaint.

63.

Defendants can neither admit nor deny the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

64.

Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Amended Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Amended Complaint.

66.

Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Amended Complaint.

67.

Responding to the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that

it speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 67 of Plaintiffs' Amended Complaint.

68.

Responding to the allegations contained in paragraph 68 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Further responding, defendants admit that Jane told Leach that John laid on her and "attached" his "ding dong" to Jane's "private part" on multiple occasions. When describing the encounters, Jane simulated the act by rocking back and forth in her chair and moving her hips. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 68 of Plaintiffs' Amended Complaint.

69.

Responding to the allegations contained in paragraph 69 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself.  Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 69 of Plaintiffs' Amended Complaint.

70.

Responding to the allegations contained in paragraph 70 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that

it speaks for itself. Further responding, defendants admit that Jane stated that she had not seen John's penis "recently," but that she had seen his penis at some time when she was little. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 70 of Plaintiffs' Amended Complaint.

71.

Responding to the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Further responding, defendants show that Jane described encounters which occurred when the twins were 17 years old, and identified an encounter which occurred during the summer of 2016 or 2017. Defendants deny the remaining allegations contained in paragraph 71 of Plaintiffs' Amended Complaint.

72.

Responding to the allegations contained in paragraph 72 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Further responding, defendants admit that Jane told Leach that John did not use his cell phone when he "attached" to her. Defendants deny in the

form and manner alleged the remaining allegations contained in paragraph 72 of Plaintiffs' Amended Complaint.

73.

Responding to the allegations contained in paragraph 73 of Plaintiffs' Amended Complaint, defendants admit that Leach interpreted Jane's use of the word "attached," in the context of all of her statements, to mean that John had sexual intercourse with her. Jane told Leach that John laid on her and "attached" his "ding dong" to Jane's "private part" on multiple occasions. Inasmuch as Jane had stated that she refers to a penis as a "ding dong" and a vagina as a "private part," Leach's interpretation was reasonable. Furthermore, when Jane described the encounters, Jane simulated the act by rocking back and forth in her chair and moving her hips. Defendants deny the remaining allegations contained in paragraph 73 of Plaintiffs' Amended Complaint.

74.

Responding to the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint, defendants can neither admit nor deny the allegations regarding Jane's general tendency to use literal language for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. Further responding, defendants show that a literal interpretation

of Jane's use of the word "attached" supports the inference that John had sexual intercourse with her. Defendants deny the remaining allegations contained in paragraph 74 of Plaintiffs' Amended Complaint.

75.

Responding to the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint, defendants show that Jane's interview was recorded and that it speaks for itself. Defendants admit that approximately eight minutes into the interview, Jane asked, "Does my dad know about it?" Defendants further admit that at the conclusion of the interview, Jane asked Leach to call her father. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 75 of Plaintiffs' Amended Complaint.

76.

Responding to the allegations contained in paragraph 76 of Plaintiffs' Amended Complaint, defendants admit that Leach did not immediately phone Jane's father at the conclusion of her interview. Defendants can neither admit nor deny the allegations regarding Jane's telephone call to her father for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. Defendants deny in the form and manner alleged the

remaining allegations contained in paragraph 76 of Plaintiffs' Amended Complaint.

*Answer to "Consequences of Jane's Interview"*

77.

Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint.

78.

Defendants can neither admit nor deny the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

79.

Responding to the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint, defendants can neither admit nor deny the allegations regarding Jane's feelings and habits regarding school for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. Defendants deny the remaining allegations contained in paragraph 79 of Plaintiffs' Amended Complaint.

*Answer to "John's Arrest"*

80.

Defendants can neither admit nor deny the allegations contained in paragraph 80 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

81.

Responding to the allegations contained in paragraph 81 of Plaintiffs' Amended Complaint, defendants admit that Leach told Mr. Doe of the allegations against John and that Mr. Doe agreed to take John to the Gwinnett Police Department headquarters to speak with Leach. Defendants further show that Mr. Doe told Leach that John is a habitual liar. Defendants can neither admit nor deny the remaining allegations contained in paragraph 81 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

82.

Defendants admit the allegations contained in paragraph 82 of Plaintiffs' Amended Complaint.

83.

Responding to the allegations contained in paragraph 83 of Plaintiffs' Amended Complaint, defendants show that John's interview was recorded and that it speaks for itself. Further responding, defendants admit that the incident report contained the statements contained in subparts a. through c. of paragraph 83 of Plaintiffs' Amended Complaint; however, defendants deny that these statements represent the entirety of the recorded conversation or the account of the conversation set forth in the investigative report. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 83 of Plaintiffs' Amended Complaint, including subparts a. through c. thereof.

84.

Responding to the allegations contained in paragraph 84 of Plaintiffs' Amended Complaint, defendants show that John's interview was recorded and that it speaks for itself. Defendants admit that John claimed that he "didn't do anything" and invoked his right to an attorney. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 84 of Plaintiffs' Amended Complaint.

85.

Responding to the allegations contained in paragraph 85 of Plaintiffs' Amended Complaint, defendants admit that Leach concluded the interview and arrested John on felony charges of rape and incest. Further responding, defendants show that Mr. Doe told Leach that John could not afford an attorney. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 85 of Plaintiffs' Amended Complaint.

86.

Responding to the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint, defendants admit that Leach and another detective handcuffed John and transported John to jail, where he was released to deputies. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 86 of Plaintiffs' Amended Complaint.

87.

Defendants admit the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint.

88.

Defendants admit the allegations contained in paragraph 88 of Plaintiffs' Amended Complaint.

*Answer to "There Was No Probable Cause to*
*Believe John Committed Any Crime"*

89.

Defendants deny the allegations contained in paragraph 89 of Plaintiffs'
Amended Complaint.

90.

Defendants deny the allegations contained in paragraph 90 of Plaintiffs'
Amended Complaint.

91.

Defendants deny the allegations contained in paragraph 91 of Plaintiffs'
Amended Complaint.

92.

Defendants deny in the form and manner alleged the allegations contained in
paragraph 92 of Plaintiffs' Amended Complaint.

93.

Defendants admit the allegations contained in paragraph 93 of Plaintiffs'
Amended Complaint.

94.

Responding to the allegations contained in paragraph 94 of Plaintiffs'
Amended Complaint, defendants admit that Leach obtained search warrants to

conduct forensic examinations of John's phone and T.B.'s phone, and that no video was recovered. Defendants deny the remaining allegations contained in paragraph 94 of Plaintiffs' Amended Complaint.

94.

95.

Defendants can neither admit nor deny the allegations contained in paragraph 95 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

96.

Defendants admit the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint.

97.

Defendants can neither admit nor deny the allegations contained in paragraph 97 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

98.

Defendants admit the allegations contained in paragraph 98 of Plaintiffs' Amended Complaint.

*Answer to "Consequences of John's Arrest"*

99.

Defendants deny the allegations contained in paragraph 99 of Plaintiffs' Amended Complaint.

100.

Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Amended Complaint.

## ANSWER TO CLAIMS FOR RELIEF

### ANSWER TO Count I
### *Violation of 42 U.S.C. § 12132*
### *Title II of the Americans with Disabilities Act*
(By Jane Doe against Gwinnett County and Gwinnett County School District)

101.

Responding to the allegations contained in paragraph 101 of Plaintiffs' Amended Complaint, defendants hereby incorporate by reference as if fully set forth verbatim herein their answers, affirmative defenses, and responses made to paragraphs 1 through 100 of Plaintiffs' Amended Complaint.

102.

Defendants can neither admit nor deny the allegations contained in paragraph 102 of Plaintiffs' Amended Complaint for want of sufficient information

to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

103.

Defendants admit the allegations contained in paragraph 103 of Plaintiffs' Amended Complaint.

104.

Defendants can neither admit nor deny the allegations contained in paragraph 104 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

105.

Defendants admit the allegations contained in paragraph 105 of Plaintiffs' Amended Complaint.

106.

The allegations contained in paragraph 106 of Plaintiffs' Amended Complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendants admit that Leach was an employee of Gwinnett County, and that Gwinnett County is required to comply with the Americans With Disabilities Act. Defendants deny in the form and manner alleged

the remaining allegations contained in paragraph 106 of Plaintiffs' Amended Complaint.

107.

Responding to the allegations contained in paragraph 107 of Plaintiffs' Amended Complaint, defendants deny that they failed to provide any accommodation to which Jane was legally entitled. Further responding, defendants can neither admit nor deny the allegations regarding the subjective knowledge of Ms. Coleman contained in paragraph 107 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.  Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 107 of Plaintiffs' Amended Complaint.

108.

Defendants deny the allegations contained in paragraph 108 of Plaintiffs' Amended Complaint.

109.

Defendants can neither admit nor deny the allegations contained in paragraph 109 of Plaintiffs' Amended Complaint for want of sufficient information

to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

110.

Defendants deny in the form and manner alleged the allegations contained in paragraph 110 of Plaintiffs' Amended Complaint.

111.

Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Amended Complaint.

112.

Defendants deny the allegations contained in paragraph 112 of Plaintiffs' Amended Complaint, including subparts a. through g. thereof.

113.

Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Amended Complaint.

**ANSWER TO Count II**
***Violation of 29 U.S.C. § 794***
***Section 504 of the Rehabilitation Act of 1973***
(By Jane Doe against Gwinnett County and Gwinnett County School District)

114.

Responding to the allegations contained in paragraph 114 of Plaintiffs' Amended Complaint, defendants hereby incorporate by reference as if fully set

forth verbatim herein their answers, affirmative defenses, and responses made to paragraphs 1 through 113 of Plaintiffs' Amended Complaint.

115.

Responding to the allegations contained in paragraph 115 of Plaintiffs' Amended Complaint, defendants admit that Gwinnett County is subject to the requirements of Section 504 of the Rehabilitation Act of 1973. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 115 of Plaintiffs' Amended Complaint.

116.

Defendants can neither admit nor deny the allegations contained in paragraph 116 of Plaintiffs' Amended Complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

117.

Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Amended Complaint.

118.

Defendants deny the allegations contained in paragraph 118 of Plaintiffs' Amended Complaint.

**ANSWER TO Count III**

*Unlawful Seizure in violation of 42 U.S.C. §1983 and the Fourth Amendment*
(By Jane Doe against Gwinnett County and Gwinnett County School District)

119.

Responding to the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint, defendants hereby incorporate by reference as if fully set forth verbatim herein their answers, affirmative defenses, and responses made to paragraphs 1 through 118 of Plaintiffs' Amended Complaint.

120.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 120 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny in the form and manner alleged the allegations contained in paragraph 120 of Plaintiffs' Amended Complaint.

121.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 121 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants show that the policy governing interviews of suspected victims of child abuse is the Protocol Order entered by the Gwinnett County Superior Court pursuant to O.C.G.A. § 19-5-2.

(Doc. 23-1, pp. 21-80; Doc. 45, p. 62 n.178 (taking judicial notice of the Protocol Order).) Defendants further show that the Protocol Order speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 121 of Plaintiffs' Amended Complaint.

122.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 122 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants show that the policy governing interviews of suspected victims of child abuse is the Protocol Order entered by the Gwinnett County Superior Court pursuant to O.C.G.A. § 19-5-2. (Doc. 23-1, pp. 21-80; Doc. 45, p. 62 n.178 (taking judicial notice of the Protocol Order).) Defendants further show that the Protocol Order speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 122 of Plaintiffs' Amended Complaint.

123.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 123 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 123 of Plaintiffs' Amended Complaint.

124.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 124 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 124 of Plaintiffs' Amended Complaint.

125.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 125 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 125 of Plaintiffs' Amended Complaint.

126.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 126 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 126 of Plaintiffs' Amended Complaint.

127.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 127 of Plaintiffs' Amended Complaint is

required. To the extent that a response is required, defendants deny the allegations contained in paragraph 127 of Plaintiffs' Amended Complaint.

128.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 128 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 128 of Plaintiffs' Amended Complaint.

129.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 129 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 129 of Plaintiffs' Amended Complaint.

130.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 130 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 130 of Plaintiffs' Amended Complaint.

131.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 131 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 131 of Plaintiffs' Amended Complaint.

132.

The Court has dismissed Count III of Plaintiffs' Amended Complaint. (Doc. 45.) As such, no response to paragraph 132 of Plaintiffs' Amended Complaint is required. To the extent that a response is required, defendants deny the allegations contained in paragraph 132 of Plaintiffs' Amended Complaint.

## <u>ANSWER TO Count IV</u>
### *Fourth Amendment Violation under 42 U.S.C. § 1983*
(By John Doe against Detective Leach)

133.

Responding to the allegations contained in paragraph 133 of Plaintiffs' Amended Complaint, defendants hereby incorporate by reference as if fully set forth verbatim herein their answers, affirmative defenses, and responses made to paragraphs 1 through 132 of Plaintiffs' Amended Complaint.

134.

Responding to the allegations contained in paragraph 134 of Plaintiffs' Amended Complaint, defendants deny that a conclusive determination of a suspect's actual guilt is required for a lawful arrest. Rather, an arrest is lawful when it is supported by probable cause to believe that a suspect has committed a crime. Defendants therefore deny in the form and manner alleged the allegations contained in paragraph 134 of Plaintiffs' Amended Complaint.

135.

Defendants deny the allegations contained in paragraph 135 of Plaintiffs' Amended Complaint.

136.

Defendants deny the allegations contained in paragraph 136 of Plaintiffs' Amended Complaint.

137.

Responding to the allegations contained in paragraph 137 of Plaintiffs' Amended Complaint, defendants admit that the warrant affidavit does not include all of the facts which were provided to the magistrate. Defendants deny the remaining allegations contained in paragraph 137 of Plaintiffs' Amended Complaint.

138.

Defendants deny the allegations contained in paragraph 138 of Plaintiffs' Amended Complaint.

139.

Defendants deny the allegations contained in paragraph 139 of Plaintiffs' Amended Complaint.

140.

The allegations contained in paragraph 140 of Plaintiffs' Amended Complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendants deny that arguable probable cause was lacking for John's arrest and therefore deny the allegations contained in paragraph 140 of Plaintiffs' Amended Complaint.

**<u>ANSWER TO Count V</u>**
***Attorney's Fees under 42 U.S.C. § 1988, the ADA,***
***and Section 504 of the Rehabilitation Act***

141.

Responding to the allegations contained in paragraph 141 of Plaintiffs' Amended Complaint, defendants hereby incorporate by reference as if fully set forth verbatim herein their answers, affirmative defenses, and responses made to paragraphs 1 through 140 of Plaintiffs' Amended Complaint.

142.

Defendants deny the allegations contained in paragraph 142 of Plaintiffs'
Amended Complaint.

## ANSWER TO REQUEST FOR RELIEF

143.

Responding to the allegations contained in the unnumbered paragraph
following paragraph 142 of Plaintiffs' Amended Complaint beginning
"WHEREFORE," and constituting plaintiffs' prayer for relief, defendants deny all
such allegations and specifically deny that plaintiffs are entitled to any of the relief
requested from them in form, type, or amount, under any theory at law or in equity.

144.

Except as expressly admitted, denied, or otherwise responded to, defendants
deny all allegations contained in Plaintiffs' Amended Complaint.

## **THIRD DEFENSE**

The claims and allegations in Plaintiffs' Amended Complaint, even if taken
as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation
alleged therein does not rise to the level of a constitutional tort.

## FOURTH DEFENSE

Defendants show that plaintiffs were not deprived of any constitutionally protected rights, nor did defendants violate the rights of plaintiff under any laws of the United States or the State of Georgia.

## FIFTH DEFENSE

The alleged injuries and damages sustained by plaintiffs resulted solely from the voluntary and intentional conduct of plaintiff John Doe and others, and not from any conduct of defendants.

## SIXTH DEFENSE

Defendants assert the defenses of sovereign, qualified, and official immunity to the fullest extent provided by law.

## SEVENTH DEFENSE

Plaintiffs' damages, if any, were not proximately caused by any official policy, practice, custom, or directive of Gwinnett County, or one whose acts or edicts may fairly be said to represent official policy; accordingly, Gwinnett County is without liability for any of plaintiffs' claims brought pursuant to 42 U.S.C. § 1983.

## EIGHTH DEFENSE

Defendants did not breach any duty they may have owed to plaintiffs based upon the allegations contained in Plaintiffs' Amended Complaint.

## NINTH DEFENSE

Gwinnett County cannot be liable under 42 U.S.C. § 1983 on the basis of <u>respondeat superior</u>.

## TENTH DEFENSE

As to plaintiff John Doe's federal claim against defendant Leach, sued in his individual capacity, this defendant shows that under all of the facts and circumstances, his conduct was discretionary in nature, was not in violation of any clearly established constitutional right of which a reasonable officer would have had fair warning, and was likewise objectively reasonable, thereby entitling him to qualified immunity.

## ELEVENTH DEFENSE

Defendants assert any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

## **TWELFTH DEFENSE**

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered Plaintiffs' Amended Complaint, defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiffs on Plaintiffs' Amended Complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiffs; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

This 23rd day of April, 2020.

CAROTHERS & MITCHELL, LLC

*/s/ Brian R. Dempsey*
Richard A. Carothers
Georgia Bar No. 111075
richard.carothers@carmitch.com
Brian R. Dempsey
Georgia Bar No. 217596
brian.dempsey@carmitch.com

Attorneys for Defendants Gwinnett County, Georgia and Jonathan Leach

1809 Buford Highway
Buford, GA 30518
(770) 932-3552 (office)
(770) 932-6348 (fax)

**DEFENDANTS DEMAND A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **ANSWER AND DEFENSES OF DEFENDANTS GWINNETT COUNTY, GEORGIA AND DETECTIVE JONATHAN LEACH** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Jeffrey R. Filipovits, Esq.
FILIPOVITS LAW, PC
2900 Chamblee-Tucker Rd., Bldg. 1
Atlanta, GA 30341

Jennifer B. Hickey, Esq.
LAW OFFICE OF JENNIFER HICKEY, LLC
1310 Rockbridge Road, S.W., Ste. G2
Stone Mountain, GA 30087

This 23rd day of April, 2020.

/s/ Brian R. Dempsey
Brian R. Dempsey
Georgia Bar No. 217596
brian.dempsey@carmitch.com